# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2022

Lyle W. Cayce
Clerk

No. 22-50008
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NOE GONZALES-ARREOLA,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 22-50009

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NOE GONZALEZ-ARREOLA,

*Defendant—Appellant*.

No. 22-50008
c/w No. 22-50009

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-840-1
USDC No. 4:21-CR-658-1

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

PER CURIAM: *

Noe Gonzales-Arreola appeals his conviction for illegal reentry after removal and his sentence of 57 months of imprisonment and three years of supervised release, and he also appeals the judgment revoking the supervised release he was serving at the time of the offense. Because his appellate brief does not address the revocation or the revocation sentence, he abandons any challenge to that judgment. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). He argues that his illegal reentry sentence exceeded the statutory maximum and thus violated his due process rights because the district court applied a statutory sentence enhancement under 8 U.S.C. § 1326(b) based on facts that were neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Gonzales-Arreola concedes the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but seeks to preserve it for further review. He has also filed an unopposed motion for summary disposition.

Gonzales-Arreola is correct that his argument is foreclosed by *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019). Accordingly, his motion is GRANTED, *see Groendyke Transp., Inc.*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 22-50008
c/w No. 22-50009

*v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), and the district court's judgment is AFFIRMED.